UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60361-Civ-ALTONAGA
MAGISTRATE JUDGE P.A. WHITE

MICHAEL SKIPWITH,                    :

    Petitioner,                  :    SUPPLEMENTAL REPORT
v.                                          OF
                                 :    MAGISTRATE JUDGE
WALTER McNEIL,
                                     :
    Respondent.
_____      :

## I. Introduction

Michael Skipwith, a convicted state felon, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his conviction entered in Case No. 03-20196 in the Circuit Court of the Fifteenth Judicial Circuit of Florida at Broward County on several grounds.[1] Skipwith filed his habeas petition pro se and counsel was subsequently appointed to represent Skipwith. Skipwith continues to be represented by the Federal Public Defender.

## II. Relevant Procedural History[2]

---

[1] Specifically, Skipwith challenges his conviction on the following grounds: (1) his due process rights were violated when the trial court denied his motion for a continuance; (2)(a) he received ineffective assistance of trial counsel, because his lawyer failed to present a mistaken identity defense at trial and failed to impeach a key state witness on the issue of identification; (2)(b) his due process rights have been violated, because his conviction is based upon false or perjured testimony presented by the state regarding identification; (3) he received ineffective assistance of trial counsel, because his lawyers failed to properly investigate the facts of the case and present an alibi defense at trial and because successor counsel failed to seek a continuance on the basis of the ongoing investigation to locate his alibi witness; (4) his due process rights were violated when the trial court permitted the state to admit collateral crime evidence at trial; (5) his conviction is violative of the principles established in Brady v. Maryland, 373 U.S. 83 (1963); and (6) he received ineffective assistance of trial counsel, because his lawyer failed to strike a biased juror by way of a peremptory challenge.

[2] The prior procedural history of this case need not be set out in the instant Report in that it has been thoroughly outlined in the earlier Report and Recommendation entered by the undersigned where citations to the state court record were provided. See DE# 82.

On November 4, 2010, the undersigned conducted an evidentiary hearing in this case on ground three of the petition. See Transcript of Evidentiary Hearing. (DE# 93). Soon thereafter, the undersigned entered a Report concluding that Petitioner's constitutional rights had been violated in connection with his claim that he received ineffective assistance of trial counsel with regard to an investigation into his alibi defense. See Report of Magistrate Judge Following Evidentiary Hearing at 28-46. (DE# 82). The undersigned concluded that both trial counsel acted unreasonably in that counsel failed to fully and properly investigate the alibi witness. Id. It was also determined that successor counsel improperly failed to seek a continuance to carry out such an investigation. Id. In arriving at these conclusions, the undersigned relied in part upon the finding that at each stage in the state criminal case and now in this federal proceeding, Skipwith always claimed that his lawyers had not adequately investigated his alibi defense. Id. at 35. After a comprehensive review of the evidence of the case and applicable law, it was recommended that Skipwith be granted relief as to ground three in that the petition be conditionally granted and the writ issue unless the State of Florida retried Skipwith within a reasonable period, such as ninety days. Id. at 70. It was further recommended that the petition be denied as to all other claims. Id. The parties filed Objections to the Report and Recommendation, and the petitioner filed a response to the respondent's objections. See DE# 88, 91, 92.

In his Objections to the Report and Recommendation, the respondent took issue with the undersigned's conclusion that the state courts unreasonably applied *Strickland* to the instant case and that Skipwith was entitled to habeas corpus relief on ground

three. See Objections to Magistrate's Report and Recommendations at 11-14. (DE# 91). In support of his challenge, the Respondent *inter alia* referred the Court to an exchange which took place between the trial court and Skipwith during the trial after the state had rested, motions for judgment of acquittal denied, and trial counsel had responded in the negative to the trial court's inquiry whether the defense wanted to present any testimony or evidence. Id. See Transcript of trial proceeding conducted on afternoon of June 30, 2004, at 123-24. (DE# 24; Ex. 65). According to the respondent, the exchange definitively demonstrated that Skipwith had not wanted his attorneys to call an alibi witness, rendering his claim refuted by the record. See Objections to Magistrate's Report and Recommendations at 11-13. (DE# 91). The respondent maintained that the state courts' reliance upon Skipwith's statements during the trial to deny him relief on claim three was entitled to deference pursuant to 28 U.S.C. §2254(d) and was not an objectively unreasonable application of *Strickland*. Id.

Upon review of the pleadings filed after the entry of the Report, the Honorable Cecilia M. Altonaga, United States District Judge, found that the undersigned's Report did not sufficiently explain why the state postconviction court's conclusion that Skipwith's statements at trial absolved his trial counsel of ineffective assistance was an unreasonable application of *Strickland*. Because the issue involves not just pure law, but also facts that might have been uncovered in the evidentiary hearing held in this case, Judge Altonaga did not adopt the initial report and re-referred the instant case to the undersigned for a Supplemental Report and Recommendation on the question:

> whether it was an unreasonable application of *Strickland* for the state habeas court to conclude Mr. Skipwith's statements at trial — that he did not want his lawyer to call additional witnesses or make additional arguments — estop him from

3

>       claiming his trial counsel was ineffective for having failed
>       to properly investigate an alibi witness or for having failed
>       to seek a continuance to complete such an investigation.

See Order entered on January 21, 2011, at 4. (DE# 95).

### III. Standard of Review

Section 2254(d) provides the framework for reviewing habeas petitions for claims which have been reviewed on the merits in the state courts:

>       (d) An application for a writ of habeas corpus on behalf of a
>       person in custody pursuant to the judgment of a State court
>       shall not be granted with respect to any claim that was
>       adjudicated on the merits in State court proceedings unless
>       the adjudication of the claim-
>
>         (1) resulted in a decision that was contrary to, or involved
>       an unreasonable application of, clearly established Federal
>       law, as determined by the Supreme Court of the United States;
>       or
>
>         (2) resulted in a decision that was based on an unreasonable
>       determination of the facts in light of the evidence presented
>       in the State court proceeding.

As the Supreme Court has instructed,

>       Under the "contrary to" clause, a federal habeas court may
>       grant the writ if the state court arrives at a conclusion
>       opposite to that reached by this Court on a question of law or
>       if the state court decides a case differently than this Court
>       has on a set of materially indistinguishable facts. Under the
>       "unreasonable application" clause, a federal habeas court may
>       grant the writ if the state court identifies the correct
>       governing legal principle from this Court's decisions but
>       unreasonably applies that principle to the facts of the
>       prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

For the habeas corpus court to find a state court judgment unreasonable under §2254(d)(1), the state court's application of clearly established federal law "must have been more than incorrect

4

or erroneous.... [It] must have been 'objectively unreasonable.'" Wiggins v. Smith, 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(quotation marks and citations omitted). Similarly, for a state court's factual determination to be unreasonable under §2254(d)(2), it must be more than merely incorrect or erroneous. Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). It must be sufficiently against the weight of the evidence that it is objectively unreasonable. Moreover, under section 2254(e)(1), a determination of a factual issue by a State court "shall be presumed to be correct" and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." "[T]he statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

The precise interplay between §2254(d)(2) and §2254(e)(1) has caused confusion and split the circuit courts of appeals and has not as of yet been definitely resolved. See Winston v. Kelly, 592 F.3d 535, 554 (4th Cir. 2010), *citing,* Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004)("a comprehensive interpretation of AEDPA's factual review scheme has yet to emerge from the federal courts"); Wood v. Allen, 542 F.3d 1281, 1303-05 & n. 23 (11th Cir. 2008); Teti v. Bender, 507 F.3d 50, 57-58 (1st Cir. 2007); Guidry v. Dretke, 397 F.3d 306, 324-27 (5th Cir. 2005); Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004). Some courts have determined that "[b]oth provisions apply independently to all habeas petitions." See e.g., Winston v. Kelly, 592 F.3d at 555. See also Acevedo v. Smith, 2011 WL 476607, 3 (S.D.N.Y. 2011). Also, the courts have struggled with which section should apply or whether both sections should apply after the federal habeas court has held an evidentiary hearing. See LeCroy v. Secretary, Fla. Dept. of

Corr., 421 F.3d 1237, 1262-63 (11th Cir. 2005)(finding that some courts have concluded, at least in certain circumstances, that AEDPA's requirement of deference to state court determinations is not applicable when the federal evidentiary hearing reveals new evidence that was not considered by the state court while other courts have concluded that the fact that a district court holds an evidentiary hearing in accordance with AEDPA does not alter the federal standard of review; that is, courts are still required to apply the deference mandated in §2254(d)) and cases cited therein; Wilson v. Mazzuca, 570 F.3d 490, 499 (2d Cir. 2009)("Where ... a district court has performed additional fact finding, the court must then ask whether the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' in light of any newly-discovered facts.... [W]e are directed to apply the same AEDPA standard that would otherwise be in force, now in light of the new information that has been obtained through a §2254(e) hearing.")(citation omitted).

For example, the Fourth Circuit in *Winston* rejected the petitioner's argument that §2254(d)(2) will never apply once the district court has granted an evidentiary hearing. The court concluded that §2254(d)(2) and §2254(e)(1) will both ordinarily apply even after a district court has properly held an evidentiary hearing. Winston v. Kelly, 592 F.3d at 555. The court noted that if a petitioner succeeds under §2254(e)(1), he has merely proven that the state court finding was incorrect. Id. To satisfy §2254(d)(2), the petitioner must prove that the state court was not only incorrect, but also objectively unreasonable. Id. The court stated if the record evidence after the hearing is substantially the same as the evidence presented to the state court, there is no reason why the district court cannot assess whether the state court made an "unreasonable determination of the facts in light of the

evidence" presented to it. When, however, the record proves to be incomplete and the petitioner offers, for the first time in federal habeas proceedings, new, material evidence that the state court could have considered had it permitted further development of the facts, an assessment under §2254(d) may be inappropriate because judgment on a materially incomplete record is not an adjudication on the merits for purposes of §2254(d). Id. at 555-56.

In a divided opinion, the Eleventh Circuit reversed the grant of habeas relief in Wood v. Allen, 542 F.3d 1281 (2008), stating that a "'determination of a factual issue made by a State court shall be presumed to be correct,'" explaining that the petitioner "'shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'" Id. at 1285 (quoting §2254(e)(1)). The majority went on to state that the federal habeas court's "'review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review.'" Id. Recognizing the split in the circuits, the Supreme Court granted certiorari in *Wood* to resolve *inter alia* the question: whether, in order to satisfy §2254(d)(2), a petitioner must establish only that the state-court factual determination on which the decision was based was "unreasonable," or whether §2254(e)(1) additionally requires a petitioner to rebut a presumption that the determination was correct with clear and convincing evidence. Wood v. Allen, 558 U.S. ___, 130 S.Ct. 841, 848 (2010). In *Wood*, the petitioner argued that in a case which is based only on evidence that was presented in state court, the habeas court should apply only §2254(d)(2), and that §2254(e)(1) applies only in cases involving evidence that was not presented in state court. The respondent argued that §2254(e)(1) applies in every case, irrespective of whether the evidence was presented in state court. The Supreme Court issued its decision without

7

addressing the question, however. Id. at 849 (stating that "[a]lthough we granted certiorari to resolve the question of how §§2254(d)(2) and (e)(1) fit together, we find once more that we need not reach this question, because our view of the reasonableness of the state court's factual determination in this case does not turn on any interpretive difference regarding the relationship between these provisions."). Thus, the Supreme Court has once again left open the precise question of when and how §2254(e)(1)'s presumption of correctness applies.[3]

Regardless of this apparent tension between §2254(d)(2) and §2254(e)(1), it is well settled that while the deference that is due to a state court's factual determinations is substantial, it is not unbounded. See Miller-El v. Dretke, 545 U.S. 231, 240, 125 S.Ct. 2317, 2325 (2005)(the standard is "demanding but not insatiable"); See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003)("Even in the context of federal habeas, deference does not imply abandonment or abdication of judicial review. Deference does not by definition preclude relief.").

## IV. Discussion

It will be remembered that Skipwith raised the subject claim in his initial pro se Rule 3.850 motion. See Motion for Postconviction Relief. (DE# 24; Ex. 37). The state in its response, first set out the standard established in Strickland v. Washington, 466 U.S. 668 (1984) and then went on to argue that Skipwith had failed to demonstrate that he received constitutionally ineffective assistance pursuant to that standard. See State's Response to Defendant's Motion for Post Conviction Relief at 2, 3-4. (DE# 24;

---

[3] In Bell v. Kelly, 553 U.S. 1031, 128 S.Ct. 2108, 171 L.Ed.2d 228 (2008), the Supreme Court had also granted certiorari to resolve this split, but ultimately dismissed the writ as improvidently granted after oral argument. Bell v. Kelly, 555 U.S. 55, 129 S. Ct. 393, 172 L.Ed.2d 353 (2008).

Ex. 39). The state solely maintained that the subject claim was refuted by the record and the state quoted the same portion of the trial transcript that it relies upon in this federal proceeding. <u>Id</u>. at 3-4. The trial court summarily denied Skipwith's Rule 3.850 motion "for the reasons stated in the State's Response, a copy of which is attached hereto, and made a part hereof." <u>See</u> Order Denying Defendant's Motion for Post Conviction Relief. (DE# 24; Ex. 41). The state trial court affirmed the trial court's ruling in a *per curiam* affirmance without written opinion. (DE# 24; Ex. 48). <u>See also</u> <u>Skipwith v. State</u>, 980 So. 2d 512 (Fla. 4th DCA 2008).

In order to address the issue re-referred, it is necessary to set forth a more extensive portion of the trial transcript than has been quoted by the respondent which is as follows:

> THE COURT: Okay. Mr. Skipwith, you have been here during the entire trial, sir. You understand you have a constitutional right to remain silent. You need to speak out loud.
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: You understand that if you wish to remain silent and you don't testify, I will tell this jury that the fact that you did not testify is not to be considered by them in any way whatsoever in their deliberations.
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: You also have the right to testify if that's what you wish to do. And if you testify, I will tell the jury they are to consider your testimony like the testimony of any other witness during the trial. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand that if you testify, the State can ask you if you are a convicted felon. If you testify truthfully, you'll say yes. The State has 13 certified copies of prior conviction[s]. And do you agree that is

|||
|---|---|
| | the number of your prior convictions? |
| THE DEFENDANT: | Sure. |
| THE COURT: | Okay. You understand that? |
| THE DEFENDANT: | Yes. |
| THE COURT: | You understand they can ask if you have prior convictions. If you testify truthfully, yes, they can ask you how many. As long as you say 13, they cannot ask you any questions whatsoever regarding those prior convictions? Do you understand that? |
| THE DEFENDANT: | Yes, I do. |
| THE COURT: | Have you discussed with your attorney whether you wish to testify or not? |
| THE DEFENDANT: | Yes, I have. |
| THE COURT: | Do you need any additional time to talk to him about that? |
| THE DEFENDANT: | No, I do not. |
| THE COURT: | Do you understand, Mr. Skipwith, that your attorney can give you advice. However, the ultimate decision whether you wish to remain silent or testify is yours. It only belongs to you. Do you understand that? |
| THE DEFENDANT: | Yes, I do. |
| THE COURT: | So you have to feel comfortable as to what decision you make. Do you understand that? |
| THE DEFENDANT: | Yes. |
| THE COURT: | At this time, what do you wish to do? |
| THE DEFENDANT: | *I do not wish to take the stand.* |
| THE COURT: | *And you're comfortable with that decision?* |
| THE DEFENDANT: | *Yes, ma'am. There's nothing I can add to this case.* |
| THE COURT: | *Are there any witnesses that you have requested Mr. Anzalone to call on your behalf?* |

    THE DEFENDANT:   *No, there is not.*

    THE COURT:   *Anything else that you would like Mr. Anzalone to present in your case other than closing arguments and further arguments?*

    THE DEFENDANT:   *No, ma'am.*

(emphasis added). Id. at 124-26. The court then asked if trial counsel wanted to rest outside the presence of the jury, and counsel responded in the affirmative. Id. Upon returning from the recess, the trial court asked counsel in the presence of the jury if the defense wanted to present anything and counsel responded in the negative and stated, "The defense rests." Id. Skipwith remained silent. Id.

    Respondent contends that the above-highlighted statements made by Skipwith at the time of the trial were sufficient to permit the state courts to conclude that Skipwith did not want his attorneys to call the alibi witness and, therefore, there was no ineffectiveness. The respondent maintains that this portion of the trial transcript directly conflicts with the undersigned's finding that "from a review of the record as a whole, it is clear that Skipwith at all times wanted to pursue an alibi defense at trial and counsel was well-aware of the defense in time to investigate it before trial." See Report and Recommendation at 35.

    Skipwith sought an evidentiary hearing in the state court, but the state trial court did not conduct an evidentiary hearing in the Rule 3.850 proceeding, although it certainly had an opportunity to do so. After review of Skipwith's pleading filed in this Court, it was determined that evidentiary proceedings were necessary to further develop the record solely as to the ineffective assistance of trial counsel claim raised in ground three of the instant petition. See DE# 40, 41. Skipwith had maintained his innocence in

this federal habeas corpus proceeding and had sufficiently alleged facts, which, if true, would entitle him to federal habeas relief. Thus, an evidentiary hearing was clearly warranted. 28 U.S.C. §2254(e)(2); <u>Schriro v. Landrigan</u>, 550 U.S. 465. See also <u>Boyd v. Allen</u>, 592 F.3d 1274, 1304-05 (11th Cir. 2010).

During the respondent's cross-examination of Skipwith at the evidentiary hearing here, Skipwith was questioned about his responses to the trial court's inquiry, resulting in the following exchange:

> Q. In terms of your trial after the State rested, do you recall the judge conducting a colloquy with you?
>
> A. Yes, ma'am.
>
> Q. And do you recall advising the Court that you had no witnesses that you're requesting Mr. Anzalone to call on your behalf?
>
> A. Yes, ma'am. May I explain?
>
> Q. Do you recall, did you say to the Court, did you mention there was an alibi witness at that time?
>
> A. No, ma'am, I did not. But if you will allow me to explain, I will tell you why.
>
> Q. Well, what I'm asking for is what you told the Court and what the trial Court was advised.
>
> A. Okay, ma'am. I looked around the courtroom. She pointed to the stand. She just asked me if I was going to take the stand. She pointed to the stand. She said, are there any witnesses that you have requested Anzalone to call on your behalf? I looked behind me, I looked at him, and I didn't see, and I knew there were no witnesses listed. So I said no, there is not.
>
> Q. And you did not mention anything at all about an alibi to the Court?
>
> A. No, ma'am, I did not.
>
> Q. Okay. And when the arguments were made regarding the new trial, you were there in the courtroom?

      A.    Yes, ma'am.

      Q.    And there was no mention regarding an alibi witness at the argument?

      A.    When the judge -- I had left my prepared speech behind when I got there, and I ad-libbed, and when I ad-libbed, I did not mention the alibi, that is correct. But it was clearly written on the motion.

      Q.    But it wasn't mentioned to the Court at all?

      A.    No, ma'am. It was not mentioned by me or counsel to the Court, although it was clearly written on the motion.

See Transcript of Evidentiary Hearing conducted on November 4, 2010, at 133-34.

      The Court now has witness testimony and argument from counsel presented at the evidentiary hearing conducted on November 4, 2010, as to ground three of the instant petition. Before the evidentiary hearing, the undersigned took judicial notice of certain matters (DE# 67, 68) and before and since the hearing, the record was supplemented with various documents. (DE# 69, 70, 72, 73, 79, 80). Besides the entire state court record, the record in this Court now contains Skipwith's testimony at the evidentiary hearing, where he provided an explanation for his responses to the state court's inquiry. Skipwith testified here that he responded to the trial court's questions the way he did, because he had no witnesses to present when colloqued at trial, he knew that there were no witnesses present in the courtroom to testify in his behalf and he knew that none had been listed on a witness list by counsel. The undersigned accepts Skipwith's explanation as credible especially in light of the record as a whole and finds that the trial court colloquy does not undermine the undersigned's earlier conclusion that Skipwith has maintained his innocence from the time of his arrest and that he had wanted counsel to locate his alibi witness so that he could pursue an alibi defense at trial.

Thus, the trial court's implicit factual finding in the state postconviction proceeding that Skipwith had either abandoned or waived his earlier desire to locate a witness to support an alibi defense and/or had voluntarily acquiesced to the manner in which trial counsel presented his defense at trial has been rebutted by clear and convincing extrinsic evidence revealed by the petitioner at the evidentiary hearing. The factual determination of the trial court is incorrect and, therefore, not entitled to a presumption of correctness. See 28 U.S.C. §2254(e)(1). The respondent apparently wants to ignore Skipwith's testimony in this federal proceeding and rely instead on the incomplete state court record, which this Court cannot and should not do.

When eliminating the finding of a waiver or acquiescence in counsel's representation, the defense presented was not, in a very real sense, Skipwith's intended defense. Without this presumption of correctness and for all the reasons set forth in the initial Report, the undersigned concludes that the state courts' reliance on the subject colloquy conducted in the middle of the trial proceeding to deny Skipwith state postconviction relief on the subject ineffective assistance of trial counsel claim was both incorrect and an objectively unreasonable application of *Strickland.* See 28 U.S.C. §2254(d). Stated differently, based upon the current record, Skipwith's statements made during the trial that he did not want his lawyer to call additional witnesses or make additional arguments did not estop him from claiming his trial counsel was ineffective for having failed to properly investigate an alibi witness or for having failed to seek a continuance to complete such an investigation, rendering the trial court's conclusion to the contrary and application of *Strickland* objectively unreasonable.

14

Given the possible uncertainty surrounding the standard of review to apply here, and because it makes no difference to the outcome of the analysis in this case, the prudent course might be to find §2254(d)(2) inapplicable to claim three and examine Skipwith's claim *de novo*. See Knowles v. Mirzayance, 556 U.S. ___, ___, 129 S.Ct. 1411, 1420 (2009)(assuming without deciding that de novo review applies when claim still fails under that standard). See also LeCroy v. Secretary, Fla. Dept. of Corr., 421 F.3d at 1263. The Florida courts denied Skipwith relief based upon an incomplete record, because it denied his request for an evidentiary hearing. When viewing the state court record as incomplete the courts' legal conclusions are not neatly separable into those based on a complete record and those based on an incomplete record. Thus, the state courts adjudicated a claim that was materially incomplete. The deficient performance and prejudice inquiries under *Strickland* present mixed questions of law and fact, see Herring v. Secretary, Dept. of Corrections, 397 F.3d 1338, 1345 (11th Cir. 2005), "that require a collective evaluation of the evidence rather than an analysis confined to a subset of the facts." Winston v. Kelly, 592 F.3d at 557, *citing*, Kyles v. Whitley, 514 U.S. 419, 436-37, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995); Cargle v. Mullin, 317 F.3d 1196, 1206 (10th Cir. 2003). Accordingly, when not affording any deference under AEDPA to the state courts' application of the *Strickland* standards and, instead, conducting a *de novo* review of the claim, see Winston, supra at 558, the undersigned concludes that Skipwith has demonstrated that the performance of his trial counsel fell below an objective standard of reasonableness under prevailing professional norms and that he suffered prejudice as a result of his attorneys' shortcomings.

As initially concluded, the undersigned finds that both

counsel acted unreasonably in failing to fully and properly investigate the alibi witness and seek a continuance to carry out such an investigation; that such investigation would have probably ultimately led to the discovery of Rick Cichoski and his whereabouts before trial; and that the absence of the alibi witness prejudiced Skipwith's case such that the absence of the witness undermines confidence in the outcome of the trial. Relief is warranted on this issue. See Strickland, supra.

## V. Conclusion

For the reasons articulated herein, which includes an additional credibility determination, and in conjunction with the reasons set forth in the earlier Report with regard to claim three, the undersigned again concludes that Petitioner is being confined in violation of the United States Constitution. The undersigned, therefore, once again recommends that Skipwith's petition for writ of habeas corpus be conditionally granted in that Skipwith be released from custody upon the issuance of the writ, unless the State of Florida elects to retry him within a reasonable period of time, such as 90 days. It is also again recommended that this petition for writ of habeas corpus be denied as to all other grounds raised for the reasons contained in the initial report.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 17th day of February, 2011.

UNITED STATES MAGISTRATE JUDGE

```
cc:   Janice L. Bergmann, AFPD
      Attorney for Petitioner
      Federal Public Defender
      SouthTrust Tower
      One East Broward Boulevard
      Suite 1100
      Ft. Lauderdale, FL 33301

      Jeanine Marie Germanowicz, AAG
      Office of the Attorney General
      1515 North Flagler Drive, #900
      West Palm Beach, FL 33401-3432

      Sue-Ellen Kenny, AAG
      Office of the Attorney General
      1515 N Flagler Drive, Suite #900
      West Palm Beach, FL 33401-3432

      Myra J. Fried, AAG
      Office of the Attorney General
      1515 N Flagler Drive, Suite 900
      West Palm Beach, FL 33401-3432
```