UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-60361-CIV-ALTONAGA/White

MICHAEL SKIPWITH,

       Petitioner,

vs.

WALTER A. McNEIL,

       Respondent.

_____/

## ORDER

**THIS CAUSE** came before the Court on the Supplemental Report of Magistrate Judge (the "Supplemental Report") [ECF No. 96], entered February 17, 2011 by Magistrate Judge Patrick A. White.

## I. BACKGROUND[1]

Michael Skipwith[2] (the "Petitioner") filed a *pro se*[3] Petition [ECF No. 1] for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state-court conviction and life sentence on various grounds of trial-court error, prosecutorial misconduct, and ineffective assistance of trial counsel. Of the six claims raised by Skipwith's Petition, only the third claim remains at issue in the

---

[1] A detailed summary of the factual and procedural history of this case is set forth in Judge White's Report of Magistrate Judge Following Evidentiary Hearing ("Initial Report") [ECF No. 82].

[2] Skipwith is serving life in prison for burglary of a structure and battery, having been convicted of stealing around 20–30 dollars' worth of copper wire from a metal recycling business and for kicking the owner of the business in the chest during a struggle while fleeing. (*See* Trial Tr. (Attach. A to State's Resp.) 53–54 [ECF No. 25 at Ex. 39]).

[3] After determining Skipwith's claims were "not patently frivolous and might be meritorious," Judge White appointed a federal public defender to represent Skipwith. (June 8 Order [ECF No. 32]).

Case No. 09-60361-CIV-ALTONAGA/White

Supplemental Report.  As summarized by Judge White, claim three is:

> [Mr. Skipwith] received ineffective assistance of trial counsel, because his lawyers
> failed to properly investigate the facts of the case and present an alibi defense at trial
> and because successor counsel failed to seek a continuance on the basis of the
> ongoing investigation to locate his alibi witness.

(Initial Rep. 2).

## A. Initial Report

After Skipwith filed his Petition, the Clerk referred it to Judge White for a Report and

Recommendation.  (*See* Notice [ECF No. 4]).  Judge White concluded an evidentiary hearing was

necessary under 28 U.S.C. § 2254(e)(2) and *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  A

hearing was held, and Judge White issued his Initial Report in which he found

> that both [trial] counsel acted unreasonably in failing to fully and properly investigate
> the alibi witness and seek a continuance to carry out such an investigation; that such
> investigation would have probably ultimately led to the discovery of Rick Cichoski
> and his whereabouts before trial; and that the absence of the alibi witness prejudiced
> Skipwith's case such that the absence of the witness undermines confidence in the
> outcome of the trial.  In ruling to the contrary, the state courts unreasonably applied
> *Strickland* [*v. Washington*, 466 U.S. 668 (1984)].

(Initial Rep. 46).  In reaching this decision, Judge White found that the state habeas court decision

"involved an unreasonable application of" *Strickland* under section 2254(d)(1).  (*See id.*).

On January 21, 2011, the Court issued an Order ("January 21 Order") [ECF No. 95] referring

the case back to Judge White.  In that Order, the Court suggested the standard set by section

2254(d)(1) had not been met because the state habeas court's application of *Strickland* had not been

objectively unreasonable. (*See* Jan. 21 Order 3 ("Judge White's Report does not explain why the

state habeas court's conclusion that Mr. Skipwith's statements at trial absolved his trial counsel of

ineffective assistance is an unreasonable application of *Strickland*.")); *see also Wiggins v. Smith*, 539

2

Case No. 09-60361-CIV-ALTONAGA/White

U.S. 510, 520–21 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 409 (2000) ("The state court's application must have been 'objectively unreasonable.'")).   However, the Court noted "the evidentiary hearing may have revealed that some of the state habeas court's factual findings were rebutted by clear and convincing evidence . . . , which would undermine the reasonableness of the state habeas court's application of *Strickland*."[4]   (Jan. 21 Order 3 (citing 28 U.S.C. § 2254(e)(1)). The January 21 Order therefore encouraged Judge White to consider "facts . . . uncovered in the evidentiary hearing he held in this case." (*See id*.).  After the case was referred back to Judge White, he issued the Supplemental Report now at issue.

### B.  Supplemental Report

In the Supplemental Report, Judge White concludes:

> the trial court's implicit factual finding in the state postconviction proceeding that Skipwith had either abandoned or waived his earlier desire to locate a witness to support an alibi defense and/or had voluntarily acquiesced to the manner in which trial counsel presented his defense at trial has been rebutted by clear and convincing extrinsic evidence revealed by the petitioner at the evidentiary hearing.  The factual determination of the trial court is incorrect and, therefore, not entitled to a presumption of correctness. *See* 28 U.S.C. §2254(e)(1).  The respondent apparently wants to ignore Skipwith's testimony in this federal proceeding and rely instead on the incomplete state court record, which this Court cannot and should not do.

(Suppl. Rep. 14).  After reviewing the Supplemental Report and Objections [ECF No. 97], the Court determined it would benefit by hearing oral argument and scheduled a hearing for April 20, 2011.

---

[4] Although the Court cited section 2254(e)(1), the January 21 Order did not require Judge White to conduct his analysis under any particular subsection of sections 2254(d) or (e).  As the Eleventh Circuit recently reiterated, "'[n]o court has fully explored the interaction of § 2254(d)(2)'s unreasonableness standard  and § 2254(e)(1)'s 'clear and convincing evidence' standard.'"  *Cave v. Sec'y for Dep't of Corr.*, No. 09-15602, 2011 WL 1365021, at *5 (11th Cir. Apr. 12, 2011) (citing *Gore v. Sec'y for Dep't of Corr.*, 492 F.3d 1273, 1294 n.51 (11th Cir. 2007)) (alterations in original).  Accordingly, the January 21 Order left open the possibility that Skipwith was entitled to relief under some subsection (or combination of subsections) of sections 2254(d) and (e).  Judge White discussed the various approaches to the confusion caused by the provisions of sections 2254(d) and (e) in the Supplemental Report.  (*See* Suppl. Rep. 5–8).

3

Case No. 09-60361-CIV-ALTONAGA/White

In the interim, before the Court heard oral argument, on April 4, 2011 the Supreme Court issued its decision in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), narrowing the circumstances in which a federal court may hold an evidentiary hearing in a habeas case. The *Pinholster* decision forecloses the line of argument Judge White followed in the Supplemental Report. Accordingly, the Court reviews Skipwith's ineffective assistance claim in light of *Pinholster*.

## II.  ANALYSIS

### A.

In part II of the *Pinholster* opinion, the Court held "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits . . . . evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Pinholster*, 131 S. Ct. at 1398. Despite its focus on section 2254(d)(1), the decision makes clear that evidence introduced in the federal proceeding is also irrelevant to section 2254(d)(2) review. *See id.* at 1400 n.7 ("[The dissent] place[s] great weight on the fact that § 2254(d)(2) includes the language 'in light of the evidence presented in the State court proceeding,' whereas § 2254(d)(1) does not. The additional clarity of § 2254(d)(2) on this point, however, does not detract from our view that § 2254(d)(1) also is plainly limited to the state-court record.") (internal citation omitted).

Justice Breyer provided the fifth vote for part II of the opinion in *Pinholster* and explained the effect of part II in his controlling concurrence:

> An offender who believes he is entitled to habeas relief must first present a claim (including his evidence) to the state courts. If the state courts reject the claim, then a federal habeas court may review that rejection on the basis of the materials considered by the state court. If the federal habeas court finds that the state-court decision fails [section 2254](d)'s test (or if (d) does not apply), then an (e) hearing may be needed.

4

Case No. 09-60361-CIV-ALTONAGA/White

*See id.* at 1412 (Breyer, J. concurring).  Justice Breyer provides several examples where a section 2254(e) hearing may be needed, including "if the state-court rejection assumed the habeas petitioner's facts (deciding that, *even if* those facts were true, federal law was not violated), then (after finding the state court wrong on a (d) ground) an (e) hearing might be needed to determine whether the facts alleged were indeed true."  *See id.* (emphasis in original).  Justice Breyer's hypothetical provides a guide for the Court in this case.

## B.

As in Justice Breyer's hypothetical, the state habeas court rejected Skipwith's ineffective-assistance claim on the assumption that, even if Skipwith could provide evidence he had wanted to call an alibi witness, he could not state a claim for ineffective assistance of counsel.  Specifically, the state habeas court adopted the reasoning of the State's Response[5] in that proceeding, which cited

---

[5] The Court has been troubled from the inception of this habeas Petition by the state habeas court's Order Denying Defendant's Motion for Post Conviction Relief ("State Habeas Order") [ECF No. 25 at Ex. 41].  The State Habeas Order summarily denied Petitioner's Rule 3.850 Motion stating only, "the Defendant's Motion for Post Conviction Relief is hereby denied for the reasons stated in the State's Response, a copy of which is attached, hereto, and made a part hereof." (*Id.*).  The Court recognizes this is a common state-court practice and that it is tolerated; however, in a case where the defendant is serving life in prison for the theft of a 20 dollar roll of wire, the state court should feel compelled to explain itself.

The adoption of the state's memorandum in this case is particularly troubling given that the state habeas judge is alleged to have been engaged in an inappropriate, close, personal relationship with a state prosecutor during the time she issued her decisions on the Petitioner' Rule 3.850 Motion.  *See* Notice of Formal Charges, http://www.floridasupremecourt.org/pub_info/summaries/briefs/10/10-384/Filed_03-03-2010_Notice_Formal_Charges.pdf (last visited April 25, 2011) ("[B]etween March 23, 2007, when [Gardiner] began [her] close personal relationship with [a state prosecutor], and August 24, 2007, . . . [Gardiner] had 949 telephone calls with [the state prosecutor] and 471 text messages, for a total of 1,450 separate communications over a period of 155 calendar days.  That averages 9.35 communications per day."); *see also Embattled Broward judge leaves the bench*, May 27, 2010, http://articles.sun-sentinel.com/2010-05-27/news/fl-judge-gardiner-last-day-20100527_1_main-broward-courthouse-embattled-broward-misconduct-complaint (last visited April 25, 2011); *Embattled Broward Judge Ana Gardiner resigns*, April 22, 2010, http://articles.sun-sentinel.com/2010-04-22/news/fl-judge-gardiner-resigns-20100422_1_omar-loureiro-loureiro-trial-gardiner (last visited April 25, 2011).  The allegations were serious enough that the Florida Judicial Qualifications Commission initiated formal proceedings against the judge.  *See* Notice of Formal

Case No. 09-60361-CIV-ALTONAGA/White

this exchange from Mr. Skipwith's trial:

> THE COURT: Are there any witnesses that you have requested Mr. Anzalone to call on your behalf?
>
> THE DEFENDANT: No, there is [sic] not.
>
> THE COURT: Anything else that you would like Mr. Anzalone to present in your case other than closing arguments and further arguments?
>
> THE DEFENDANT: No, ma'am.

(State's Resp. 3–4 [ECF No. 24 Ex. 39] (emphasis omitted); *see also* State Habeas Order). Based on this exchange, the state habeas court adopted the State's position that, as a matter of fact, Mr. Skipwith's statements at trial "refute his present allegations that he wanted both of his attorneys to have investigated and called an alibi witness." (State's Resp. 4). According to Justice Breyer's hypothetical, only if the state habeas court were wrong under the standard laid out in section 2254(d)(1) or (d)(2) could the Court here then proceed to hold an evidentiary hearing.

### 1. Section 2254(d)(1)

In its January 21 Order re-referring the case to Judge White, the Court suggested[6] Skipwith could not meet the standard under section 2254(d)(1) because the state habeas court's decision did not "involve[] an unreasonable application of[] clearly established Federal law" based on the evidence before it. § 2254(d)(1); *see also Pinholster*, 131 S. Ct. at 1398 ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."); *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009) (In an ineffective assistance case,

---

Charges.

[6] The January 21 Order stated, "Judge White's Report does not explain why the state habeas court's conclusion that Mr. Skipwith's statements at trial absolved his trial counsel of ineffective assistance is an unreasonable application of *Strickland*." (Jan. 21 Order 3).

the question "is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable — a substantially higher threshold."). Assuming Skipwith's statement to the trial court — that he did not want his attorney to call any other witnesses — was true, it was not unreasonable for the state habeas court to deny his ineffective assistance of counsel claim on that ground alone. *Cf. Schriro*, 550 U.S. at 475 ("[T]he District Court was well within its discretion to determine that, even with the benefit of an evidentiary hearing, [the petitioner] could not develop a factual record that would entitle him to habeas relief.").

### 2. Section 2254(d)(2)

However, whether Skipwith can meet the standard under section 2254(d)(2) is a more complicated question because it is not clear it was reasonable for the state habeas court to conclude Skipwith never wanted his attorneys to investigate his alibi witness. As mentioned, the state habeas judge adopted the prosecutor's position that "although the defendant *alleges* that he told Attorney Anzalone about the need to investigate this alibi witness," Skipwith's statements at trial "refute his present allegations that he wanted both of his attorneys to have investigated and called an alibi witness." (State's Resp. 3–4) (emphasis added). This is not an accurate description of the record before the state habeas court.

In his Rule 3.850 Motion, Skipwith not only *alleges* that he wanted his attorneys to have investigated an alibi witness before trial, but he also attaches documents showing that he had indeed asked them to investigate. (*See* Investigative Request [ECF No. 25 at Ex. 37-D]; Anzalone Letter [ECF No. 25 at Ex. 37-I]). The state habeas court was presented with an Investigative Request that was made by Skipwith's first trial counsel, Phoebee Francois, prior to trial on June 18, 2004, in

Case No. 09-60361-CIV-ALTONAGA/White

which she wrote, "D says that he wasn't there & may have an alibi . . . .  Please try to find D's possible alibi witness." (Investigative Request).  Also before the state habeas court was a letter from Skipwith's second trial counsel, Frank Anzalone, who wrote to the Defendant. "It was not fair for you to go to trial with a new attorney in only 6 days when I did not have an opportunity to investigate all areas especially your alibi witness." (Anzalone Letter).  The record in the state habeas proceeding also included Skipwith's *pro se* Motion to Dismiss Court Appointed Counsel ("Motion for Counsel") [ECF No. 40-1] (bearing stamp of state clerk), filed in May 2004, prior to trial.  In the Motion for Counsel, Skipwith complained that Phoebee Francois "has yet to contact alibi witness as of February." (Mot. for Counsel ¶ 11).  This documentary evidence establishes that Skipwith had indeed wanted his counsel to investigate his alibi witness before trial.

Of course it is possible that, by the end of trial when the judge asked Skipwith if he wanted to call any witnesses, Skipwith had changed his mind and no longer wanted to call his alibi witness.  But that, of course, does not call into question Skipwith's pre-trial desire for his counsel to seek out his alibi witness.  Based on the record before the state habeas court, it was unreasonable to find as a matter of fact that Skipwith's in-court statements "refute[d] his present allegations that he *wanted* both of his attorneys *to have investigated* and called an alibi witness." (State's Resp. 3–4) (emphasis added).  Therefore, the state habeas court decided Skipwith's *Strickland* claim based on the objectively unreasonable factual determination that Skipwith had *never* wanted his counsel to investigate his alibi witness.  *See* § 2254(d)(2) ("[A habeas claim] shall not be granted . . . unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.").  Because Skipwith satisfies the standard under section 2254(d)(2), his habeas Petition may be granted if he

8

Case No. 09-60361-CIV-ALTONAGA/White

is entitled to relief on the merits of his ineffective assistance of counsel claim.

### 3. Evidentiary Hearing

Therefore, returning to Justice Breyer's hypothetical, "a[ section 2254](e) hearing might be needed to determine whether the facts alleged [in the state proceeding] were indeed true." *Pinholster*, 131 S. Ct. at 1412. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474; *see also Pinholster*, 131 S. Ct. at 1399 ("Our recent decision in *Schriro* . . . is consistent with our holding here."). Judge White determined "evidentiary proceedings were necessary to further develop the record solely as to the ineffective assistance of trial counsel claim raised in ground three of the instant petition." (Initial Rep. 2). Judge White noted, "Skipwith has maintained his innocence in this federal habeas corpus proceeding and has sufficiently alleged facts, which, if true, would entitle him to federal habeas relief." (*Id.* at 2–3 (citing *Schriro*, 550 U.S. at 474)). Now that the section 2254(d) hurdle has been cleared, the Court agrees with Judge White's reasons for holding an evidentiary hearing and considers Skipwith's ineffective assistance of counsel claim on its merits.

### C.

To establish ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687). A showing of deficient performance requires the petitioner prove his counsel's conduct was objectively unreasonable in light of professional norms prevailing at the time. *See id.* (citing *Strickland*, 466 U.S. at 688). A showing of prejudice requires the petition demonstrate "there is a reasonable probability that, but for

9

Case No. 09-60361-CIV-ALTONAGA/White

counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*.

In his Initial Report, Judge White wrote an exceptionally detailed, 35-page evaluation of Petitioner's *Strickland* claim based on the evidence obtained from the evidentiary hearing. (*See* Intial Rep. 11–46). Although Judge White reached that point because he incorrectly concluded that Petitioner had satisfied section 2254(d)(1), Judge White's *Strickland* analysis is still applicable now that it is clear Skipwith has satisfied section 2254(d)(2). Rather than recast Judge White's exhaustive analysis, the Court adopts the reasoning in his Initial Report to the extent it is consistent with this Order and agrees

> that both counsel [for Skipwith] acted unreasonably in failing to fully and properly investigate the alibi witness and seek a continuance to carry out such an investigation; that such investigation would have probably ultimately led to the discovery of [the alibi witness] and his whereabouts before trial; and that the absence of the alibi witness prejudiced Skipwith's case such that the absence of the witness undermines confidence in the outcome of the trial.

(Initial Rep. 46; *see also* Suppl. Rep. 15–16). In particular, the Court agrees with Judge White that trial counsel's failure to investigate the alibi in a timely manner and to seek a continuance to allow the investigation to be completed did not satisfy their duty to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 690–91. Judge White also correctly concluded that had counsel not made these unprofessional errors "there is a reasonable probability that . . . the result of the proceeding would have been different" *id*. at 694, because "[i]n a case involving identification and identification alone, it is not easy to imagine a lawyer who would pass on the chance to present [alibi] evidence . . . since

10

Case No. 09-60361-CIV-ALTONAGA/White

eyewitness evidence is precisely the sort of evidence that an alibi refutes best"  (Initial Rep. 43).

### III.  CONCLUSION

Accordingly, for the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1.     The Recommendations of the Supplemental Report **[ECF No. 96]** are

       **ACCEPTED in part**.

2.     Michael Skipwith's Petition for Writ of Habeas Corpus **[ECF No. 1]** is

       **CONDITIONALLY GRANTED** on the basis of his claim of ineffective

       assistance of counsel.

3.     Michael Skipwith shall be released from custody upon the issuance of the writ,

       unless the State of Florida elects to retry him within a reasonable period, not to

       exceed 120 days.

4.     The Petition is **DENIED** with respect to all other grounds of relief.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of April, 2011.

*Cecilia M. Altonaga*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

11